MIDLIGE RICHTER, LLC
121 Union Avenue
Middlesex, New Jersey 08846
(908) 626-0622
James S. Richter

*Attorneys for Plaintiff, Fleetwood Group, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FLEETWOOD GROUP, INC.,<br>*Plaintiff*,<br>v.<br>ACADEMIA FURNITURE, LLC, D/B/A ACADEMIA FURNITURE INDUSTRIES<br>*Defendants*. | Honorable<br>Civil Action No.<br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Fleetwood Group, Inc. by way of Complaint against Defendant, Academia Furniture, LLC d/b/a Academia Furniture Industries alleges as follows:

**THE PARTIES**

1. Plaintiff, Fleetwood Group, Inc. is a corporation organized and existing under the laws of Michigan, with a principal place of business at 11832 James Street, Holland, Michigan 49424 (hereinafter "Fleetwood" or "Plaintiff").

2. Defendant, Academia Furniture, LLC d/b/a Academia Furniture Industries (hereinafter "Academia" or "Defendant"), upon information and belief, is a New Jersey limited liability company with a principal place of business at 74 South Passaic Street, Wood-Ridge,

New Jersey, 07075, doing business as Academia Furniture Industries, and upon information and belief is doing business in this district.

3. Defendant Academia, upon information and belief, is doing business within the State of New Jersey, and is engaged in continuous and systematic business within the District of New Jersey, conducts and solicits business within this district and derives substantial revenue from the sales of its products and/or services within this district. Upon information and belief, Academia has sold and has made one or more offers for sale of products that infringe and/or induce infringement by others as hereinafter stated, in New Jersey and within this District.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 et seq.

5. This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400. Defendant Academia is incorporated in this District, and Defendant Academia is subject to personal jurisdiction in this State. On information and belief, a substantial part of the events giving rise to the claims occurred in this District, including Defendant selling its infringing product in this district and/or shipping its infringing product into this District.

## BACKGROUND ALLEGATIONS

6. On February 27, 2024, United States Design Patent No. D1,015,789 was duly and legally issued to Alan E. Rheault as inventor, for an invention entitled "Chair." A true and correct copy of United States Patent No. D1,015,789 is attached hereto as Exhibit 1 (hereinafter "the '789 Patent").

7. Plaintiff is the owner by assignment of all right, title, and interest in and to the

'789 Patent, including the right to seek remedies and relief for past infringement thereof.

8. Plaintiff has provided Notice to Defendant of the '789 Patent, and Academia's infringement thereof. Said Notice to Defendant includes Notice by letter dated June 5, 2026, a true and correct copy of which is attached hereto as Exhibit 2

9. The filing and Notice of this action provides actual notice to Defendant of the '789 Patent. Defendant has notice of the '789 Patent.

10. An actual and justiciable controversy exists between Fleetwood and Academia concerning whether the actions of Academia infringe and/or induce infringement of the asserted patent in suit, namely the '789 Patent.

11. Defendant Academia has marketed and offered for sale in United States, and upon information and belief distributed and/or sold one or more chairs under the name or model Aura Chair (hereinafter "Defendant's Chair" or "Aura Chair").

12. Example images of Defendant's Aura Chair as shown in Defendant's marketing are shown below:



A18BK - **Aura Chair Standard Ht.**




13. Upon information and belief, Defendant's Aura Chair is offered, sold and distributed in several versions of seating, which include versions referred to as the "Standard," "Standard with Bookbasket," "Boost Café Stool," and "Aura Café Stool," each version of which incorporates and embodies the patented design of the '789 Patent.

14. Upon information and belief, the chairs offered for sale, sold and distributed by Defendant include Chairs with the designs shown above.

15. The designs of the Defendant's Aura Chair appropriate the novel ornamental features set forth in the '789 Patent such that an ordinary observer, giving such attention as a purchaser usually gives, would find Plaintiff's and Defendant's designs to be substantially the same and would find the Defendant's designs to resemble Plaintiff's designs sufficiently to be deceived, and to be induced to purchase one supposing it to be the other.

16. Upon information and belief, Defendant's infringing activities have continued with knowledge and intent after notice of Plaintiff's '789 Patent and Defendant's infringement have been provided to Defendant, and after the filing of the Complaint in this Action.

17. Upon information and belief, Defendant's activities set forth above have caused substantial consumer confusion, with consumers mistakenly believing that Defendant's products are genuine products by Plaintiff.

18. Defendant is not related to or affiliated with Plaintiff in any way. Defendant has not sought or received a license or authorization from Plaintiff for any purpose whatsoever, including for the acts described herein.

19. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff and its business and goodwill unless restrained by this Court.

## COUNT I
## Infringement of United States Design Patent No. D1,015,789

20. Plaintiff incorporates and reasserts paragraphs 1-19 herein by reference.

21. Defendant has, on information and belief, in the past been and still is infringing United States Design Patent D1,015,789 by making or importing, using, selling and/or offering for sale in the United States products embodying the patented invention of the '789 Patent, including for example the Defendant's Aura Chairs.

22. As shown below, by way of example, Figure 1 of the '789 Patent is compared to Defendant's Aura Chair as shown in Defendant's marketing, with the broken line illustrating the environmental structure of a chair and forms no part of the claimed design:



FIG. 1



23. Upon information and belief, with knowledge, reckless disregard and/or willful blindness amounting to knowledge of the '789 Patent and infringement of the '789 Patent after notice thereof, Defendant has provided products embodying the patented invention of the '789 Patent, including for example the Defendant's Aura Chairs, to at least one third party in the United States for use in the infringement of the '789 Patent and induced infringement by said third party within the meaning of 35 U.S.C. §271.

24. Upon information and belief, Defendant has engaged in acts of direct infringement by themselves and/or have induced acts of infringement by others, within the meaning of 35 U.S.C. §271, through its offers for sale, distribution of samples and/or sale of infringing products to distributors and/or end users, including for example of Defendant's Aura Chairs.

25. Upon information and belief, the actions of Defendant have resulted in infringement and inducement of infringement, and said infringement and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

26. Upon information and belief, Defendant's infringement and inducement of infringement have been willful.

27. Despite any statement to the contrary, upon information and belief, Defendant will continue to infringe and induce the infringement of the '789 Patent unless enjoined by this Court.

28. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendant pursuant to 35 U.S.C. § 283.

29. Plaintiff has been damaged by past activities of Defendant, and is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289 for past infringement and inducement of infringement.

30. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendant are infringing and inducing infringement of the '789 Patent.

WHEREFORE, Plaintiff Fleetwood Group, Inc. demands that judgment be entered in its favor against Defendant Academia Furniture, LLC d/b/a Academia Furniture Industries, as follows:

A. Entering an order determining and/or declaring that Defendant Academia infringes and/or induces infringement of the '789 Patent.

B. Permanently enjoining Defendant Academia, its officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with

them, and each of them, from further making, sale, offer for sale, importing and/or use of an apparatus which infringes or induces infringement of the ‘789 Patent.

C. Permanently enjoining Defendant Academia, its officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further acts of infringement of the ‘‘789 Patent.

D. Ordering an accounting.

E. Awarding damages adequate to compensate Plaintiff for Defendant’s infringement and inducement of infringement of the ‘789 Patent.

F. As an additional remedy for infringement of the ‘789 Patent, awarding to Plaintiff the total profit of Defendant for the application of the patented design, or colorable imitations thereof, to articles of manufacture for purposes of sale and/or sale of articles of manufacture to which the patented design or colorable imitations thereof have been applied, pursuant to 35 U.S.C. § 289.

G. Increasing the damages up to three times the amount found or assessed for Defendant’s willful acts of infringement.

H. Awarding prejudgment interest and costs.

I. Finding this to be an exceptional case and awarding reasonable attorney’s fees to Plaintiff pursuant to 35 U.S.C. § 284.

J. Such other and further relief as is necessary and appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

MIDLIGE RICHTER LLC
*Attorneys for Plaintiff,*
*Fleetwood Group, Inc.*

By: *s/ James S. Richter*
James S. Richter

Dated: September 17, 2026

OF COUNSEL:

Karl T. Ondersma (*pro hac vice* forthcoming)
Terence J. Linn (*pro hac vice* forthcoming)
GARDNER LINN BURKHART & ONDERSMA LLP
2900 Charlevoix Dr., S.E., Suite 300
Grand Rapids, Michigan 49546

**CERTIFICATION PURUSANT TO L. CIV. R. 201.1**

Under Local Civil Rule 201.1, the undersigned counsel hereby certifies that to my knowledge, Plaintiff's Complaint seeks damages that exceed the sum of $150,000, exclusive of interest and costs and any claim for punitive damages and therefore this action is not appropriate for compulsory arbitration.

*s/ James S. Richter*
James S. Richter

Dated: September 17, 2026

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy in the above-captioned action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

*s/ James S. Richter*
James S. Richter

Dated: September 17, 2026